**DeShaun L. WILSON, Petitioner–Appellant,**

v.

**Pat HURLEY, Warden, Respondent–Appellee.**

No. 03–3481.

United States Court of Appeals, Sixth Circuit.

Aug. 30, 2004.

---

Kenneth R. Spiert, Columbus, OH, for Petitioner–Appellant.

Thelma T. Price, Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.

DeShaun Wilson was convicted of numerous felonies after a home invasion/robbery/attempted murder. The state trial court determined that he should serve most of his sentence consecutively for a total imprisonment of 43 years and 11 months. Wilson's conviction and sentence were affirmed on direct appeal. *State v. Wilson,* No. 99AP–1259, 2000 WL 1639621 (Ohio Ct.App. Nov. 2, 2000). In its opinion, the Ohio Court of Appeals noted that it did "not address whether the court made the statutorily required findings and explanations upon imposing the consecutive sentences because [Wilson] has not requested us to do so." *Id.* at *8.

Apparently prompted by this language, Wilson filed a motion to reopen asserting that his appellate counsel had been ineffective in failing to argue that the trial court had not sufficiently explained the reasons for the imposition of the consecutive sentences, as required by Ohio Revised Code § 2929.14(E)(4). The Ohio Court of Appeals denied Wilson's motion because it found that reasonable counsel could decide to forgo a procedural point and focus on substantive issues that would more likely result in an eventual sentence reduction.

On January 11, 2002, Wilson filed the current motion for writ of habeas corpus, alleging the same ineffective assistance of appellate counsel claim. The district court adopted the magistrate judge's report and recommendation, which recommended that the writ be denied because Wilson failed to demonstrate that his attorney's performance was ineffective as outlined by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Wilson now appeals the district court's decision.

This court applies *de novo* review of the district court's judgment in a habeas preceding. *Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir.2003). Since Weaver filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply. Under AED-

PA, federal courts can grant writs of habeas corpus only if the state court adjudication of the issue on the merits:

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, federal courts may only grant the petitioner's writ if the state court's decision contradicts Supreme Court precedent on a question of law or if, in a case with facts materially indistinguishable from a Supreme Court case previously decided, the state court reaches an outcome different from that required by the Supreme Court's decision. *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The "unreasonable application" clause permits a federal court to grant habeas relief only if the state court unreasonably applies a correct legal principle to the facts of the case. *Id.* at 411. The Supreme Court has cautioned that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

The test for determining ineffective assistance of appellate counsel is the same as the test for ineffective assistance of trial counsel. *See Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir.1986). Ineffective assistance of counsel claims are typically governed by *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, in which the Supreme Court established a two-part inquiry:

>First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In determining whether an attorney's conduct was deficient under the performance requirement, the Supreme Court has stressed that "the proper standard for attorney performance is that of reasonably effective assistance ... viewed as of the time of counsel's conduct," and considered "in light of all the circumstances." *Id.* at 687, 690. The Supreme Court continued:

>Judicial scrutiny of counsel's performance must be highly deferential.... Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689 (citation omitted); *see also Miller v. Francis*, 269 F.3d 609, 615 (6th Cir.2001); *Cobb v. Perini*, 832 F.2d 342, 347 (6th Cir.1987).

The Ohio Court of Appeals neither unreasonably applied clearly established federal law, nor based its decision on an

378

unreasonable determination of the facts presented. Wilson unsuccessfully presents three arguments to demonstrate that his state appellate counsel was ineffective. First, Wilson alleges that the Ohio appellate court unreasonably applied Supreme Court precedent by failing to inquire into the reasonableness of his appellate counsel's strategy. Second, he claims that the state appellate court inappropriately relied on a procedural/substantive distinction. Third, Wilson maintains that the Ohio Court of Appeals wrongly concluded that he would not likely obtain relief if the case were remanded.

To begin, Wilson asserts that the Ohio Court of Appeals acted contrary to Supreme Court precedent by failing to assess the reasonableness of his appellate counsel's performance. *See Strickland,* 466 U.S. at 690 ("Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."); *Burger v. Kemp,* 483 U.S. 776, 794–95, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987); *Kimmelman v. Morrison,* 477 U.S. 365, 385, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

Ohio law provides for the imposition of consecutive sentences when a sentencing court finds it necessary to protect the public or punish the offender. Ohio Rev.Code § 2929.14(E)(4) (2000). At the time of his sentencing, the court was required to find that consecutive sentences were proportionate to the offense and one of the following factors: (1) the offenses were committed while the defendant was awaiting trial; (2) the harm of the "offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct"; or (3) history of recidivism. *Id.*

Under Ohio Revised Code § 2929.19(B)(2)(c), a sentencing court must give reasons for its findings if it imposes consecutive sentences. *See also State v. Comer,* 99 Ohio St.3d 463, 793 N.E.2d 473, 476–477 (Ohio 2003).

Wilson asserts that any reasonable counsel would have argued that the trial court did not make the requisite findings on appeal, and the Ohio appellate court erred by failing to discuss the reasonableness of counsel's decision. The Ohio Court of Appeals disagreed with Wilson's contention and explained that

a reasonable appellate counsel could decide not to raise the procedural point and choose instead to focus on the substantive issue regarding whether the record supports consecutive sentences. If successful, the substantive challenge would result in a substantial permanent reduction in a defendant's sentence; whereas the procedural challenge, if successful, would likely only result in a temporary victory. Thus, in this case, the decision to not pursue the procedural issue may properly be deemed as trial strategy, rather than ineffective assistance of appellate counsel.

The above passage from the Ohio Court of Appeals indicates that it *did* address the reasonableness of Wilson's appellate counsel's decision. Wilson argues that this explanation is misleading because it makes it appear as though his counsel had to choose between substantive and procedural challenges. In addition, Wilson argues that this passage did not discuss the reasonableness of the decision in his case. It is clear, however, from the language of the Ohio Court of Appeals that the court determined "in this case, the decision to not pursue the procedural issue may properly be deemed as trial strategy." Therefore, the Ohio Court of Appeals did not act contrary to clearly established federal law

for failing to address the reasonableness of Wilson's appellate counsel's performance.

Next, Wilson attacks the use of the substantive/procedural challenge language used by the Ohio Court of Appeals. A single, serious error is enough to support a claim of ineffective assistance of counsel under *Strickland. See Kimmelman,* 477 U.S. at 383; *Smith v. Murray,* 477 U.S. 527, 535, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). An effective appellate counsel does not need to raise every non-frivolous claim. As the Supreme Court explained in *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), it is important for appellate advocates to "winnow[ ] out weaker arguments on appeal and focus[ ] on one central issue if possible, or at most on a few key issues." *Jones,* 463 U.S. at 751–52. There is "[n]othing in the Constitution or our interpretation of that document" that requires "judges to second-guess reasonable professional judgments and impose ... a duty to raise every 'colorable' claim...." *Id.* at 754; *Smith,* 477 U.S. at 536 ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (quotation marks omitted)). However, "it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

According to Wilson, the Ohio appellate court's mere use of the substantive/procedural language contradicts *Strickland, Kimmelman,* and *Burger* because the Supreme Court has not previously used that language when analyzing an ineffective assistance of counsel claim. Wilson cites no authority for this proposition, and we have found none. In addition, Wilson claims that the omitted claim was not just any claim, but that it was a claim that involved critical substantial issues, such as ensuring proportionality in sentencing, that legally could result in a shorter sentence.

In support of his argument, Wilson stresses the important consequences—almost 44 years in prison—and claims it was error for the state court to categorize the alleged lack of findings as merely a procedural deficiency. The Ohio Court of Appeals decision, however, did not turn directly on the fact that the claim omitted was procedural or that the relief necessarily would be temporary. Instead, the court noted that there was both a procedural claim and a substantive claim, and Wilson's appellate counsel did not err by choosing to focus on the claim that would more likely have a lasting impact if successful.[1] Thus, the Ohio Court of Appeals did not unreasonably apply clearly established federal law by referring to issues as procedural and substantive.

Wilson's last argument with regard to his attorney's performance deals with an alleged unreasonable factual determination by the state court. According to Wilson, the Ohio Court of Appeals unreasonably assumed Wilson would not have obtained any relief on resentencing. The Ohio Court of Appeals has

---

1. At the resentencing hearing, the trial judge could and, according to the court, "would likely," reissue the same sentence, this time explaining the rationale. In addition, there is no indication that this claim would have succeeded. The language from the Ohio Court of Appeals that Wilson bases his claim on is dicta. Furthermore, the outcome of Wilson's omitted claim was far from certain. The trial court did not fail to discuss the need for consecutive sentences; instead, the court recited several reasons for the sentencing during the hearing and placed on the judgment entry that he complied with the Ohio statutes at issue.

stress[ed] that a resentencing hearing is just as important and pivotal an aspect of the criminal proceedings as the original sentencing hearing. The hearing is not "only a resentence." It is an opportunity for the trial court to correct its prior sentencing error and to sentence a defendant as mandated by the legislature, with all his constitutional and statutory rights intact. It is not to be treated as a pro forma rubberstamp of the original sentence. It is a process by which the defendant is to be sentenced anew, with the trial court following the instructions provided by a reviewing court.

*State v. Clark*, No. C–020550, 2003 WL 21202740, at *1 (Ohio Ct.App. May 23, 2003). Wilson argues that it was therefore unreasonable for the court to assume that the error was harmless.

The Warden responds that while resentencing is not a rubberstamp in every case, it would be in the present case. The Ohio Court of Appeals decided that Wilson presented no substantive claim with regard to his consecutive sentence, and the trial court was clear that Wilson was a danger to the community; therefore, the Warden argues, there is no question what the sentence would be if it were remanded.

Wilson, however, does not read the Ohio appellate court's decision correctly. The Ohio Court of Appeals never assumed that the error was harmless and thus there was no reason to correct it. Instead, by referring to a successful procedural challenge as a "temporary victory," the court was seeking to show that Wilson's appellate counsel must be regarded as acting within the wide range of reasonable professional conduct. A careful examination of the trial court's explanation for imposing the con-

secutive sentences shows that the court was taking into account some, if not all, of the factors for imposing consecutive sentences, such as the severity of Wilson's conduct and the danger to the community. It is not unreasonable for the Ohio Court of Appeals to determine that Wilson's counsel might have viewed the trial court's statements as an indication that if he were resentenced the outcome would be the same. Thus, Wilson's counsel could reasonably have chosen to focus on the appellate issue that would help Wilson the most.[2] The Ohio Court of Appeals did not even assume that the sentence would be the same; the court simply indicated that the possibility or probability that the sentence would be the same upon remand, would lead reasonable counsel to abandon that issue in favor of other issues that would more likely grant full relief. The Ohio Court of Appeals thus did not reach a decision that the performance of Wilson's counsel was reasonable based on an unreasonable determination of the facts.

The court need not address both components of *Strickland* if one component fails. *Strickland*, 466 U.S. at 697. Therefore, we AFFIRM the judgment of the district court denying Wilson's petition for a writ of habeas corpus.

---

**2.** Wilson's attorney did challenge the trial court's substantive decision to impose consecutive sentences, arguing that the imposition of

consecutive sentences was inappropriate and disproportionate to the seriousness of his crime. *Wilson*, 2000 WL 1639621, at *6–*8.